It is said in the argument that the court of common pleas entertained a similar view of the statute, but affirmed the order because the plaintiff in error was not prejudiced. We think he was prejudiced $31.25 worth. He was served with notice of the hearing, as provided by the act, and is, we think, bound by the order made against his debtor, and in this view he is wrongfully deprived of his money and it was in prejudice of his rights, for in law it is his money and prejudice to his legal rights by taking his money without authority of law, and is not cured by applying the money to the payment of his debt.

The judgment of the court of common pleas is reversed and the order of the justice of the peace set aside at the costs of the defendant in error.

*E. L. Pease,* for plaintiff in error.

*Charles F. Prior,* for defendant in error.

---

### CONSTRUCTION OF WILLS.

[Circuit Court of Hamilton County.]

JOHN H. McCORMICK, ADMR., ETC., v. GEORGE DUNKER ET AL.*

Decided, January 12, 1903.

*Wills—Words "Next of Kin" Construed—Bequests to Charitable Institutions not Accurately Named in Will.*

1. In construing a will the words "next of kin" will be taken in their technical sense unless from the context it clearly appears that a different meaning is intended.
2. If bequests are made to charitable institutions under defective appellations which are not generic, ambiguity may be removed by extrinsic evidence.

JELKE, J.; SWING, J., and GIFFEN, J., concur.

Technical words in a will must be taken in their technical sense unless the contrary clearly appears from the context.

---

*Affirmed by the Supreme Court, without report, May 10, 1904.

We are of opinion that it clearly appears from the will of Henry Duncan (Dunker), deceased, that his widow's second husband, McCormick, was not included, meant or intended within the term "next of kin" as used in said will, notwithstanding that term's legal or statutory signification.

Construing the provision for the German Protestant Orphan Asylum in view of decedent's nativity, residence and associations, and in view of the general and colloquial appellation given to a particular institution in this city, we find no difficulty in finding that testator had in mind and intended to designate the German General Protestant Orphan Asylum now situated on Mt. Auburn, in Cincinnati.

The difference between the case at bar and the cases cited by counsel resisting this interpretation, is that in all these latter cases the name has been a generic one, as "the Sisters of Charity," in *Moran* v. *Moran,* 73 N. W. Rep., 617 (104 Ia., 216); while in the case at bar there has been a manifest effort to nominate a particular institution, but ambiguity has arisen from an inaccurate or defective appellation. This uncertainty can be removed by extrinsic evidence.

The law is well stated in Paige on Wills, Section 539, p. 622, where the text is well supported by citations to cases adjudicated by high authority:

"Misnomer is especially frequent in devises to charitable corporations. The real names of. such corporations are often never used and never known by people generally; and many testators do not feel the need, in preparing a will, of getting the real name of the proposed beneficiary. They prefer to guess at the name. Hence the number of adjudicated cases upon this point.

"It is an elementary principle that where a corporation is indicated in a will by an erroneous name, such a mistake will not avoid the gift if it is possible by means of the name used, or by extrinsic evidence, to identify the corporation intended as beneficiary with sufficient certainty."

Also see *Woman's Union Missionary Soc.* v. *Meade,* 131 Ill., 33 (23 N. E. Rep., 603.)

"A mistake in the name or description of the legatee or devisee, whether an individual or corporation, will never render a bequest void, if the name and description used in the will, as applied to the facts and circumstances proved, will identify such person or corporation."

When we come to the provision of the will for the "Catholic Orphan Asylum" we are not so certain. There is one more element of ambiguity as to this bequest, because at the time of the making of the will there were two institutions in Cincinnati which might answer this appellation. But, taking the will as a whole, and remembering the facts and circumstances of the testator, and noting that German orphans were peculiarly the objects of his bounty, and that the word "Catholic" was used as complementary to the word "Protestant," we come to the conclusion that the particular institution intended was the German Catholic Orphan Asylum; that is, the institution whose corporate name is and was "the St. Aloysius Orphan Asylum."

Decree accordingly.

*Cohen & Mack,* for John H. McCormick.

*W. W. Bellew* and *Herman Merrell,* for next of kin of Catherine McCormick.

*Chris Von Seggern,* for German General Protestant Orphan Asylum.

*Arnold Speiser,* for St. Aloysius Orphan Asylum.

*W. W. Bellew,* for the Dunker heirs.